## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARMILA KULASEKAREM, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-01863-HHK |
| | ) | |
| DAWN HARDESTY, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Dawn Hardesty, Daniel Mintz, and Glenn Gargan ("Defendants") submit this memorandum of points and authorities in support of their motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff Sharmila Kulasekaram worked as a contractor for Powertek Corporation for four days, from September 28, 2010 until October 1, 2010.  She resigned on October 5, 2010.  In her complaint, Plaintiff alleges that on October 1, 2010, after she had been working in a "hostile work environment" since her start date (three days earlier), she was "harassed" by a fellow Powertek contractor. Emails attached to Plaintiff's complaint imply that defendant Dawn Hardesty "harassed" Plaintiff when she expressed discomfort that Plaintiff had met directly with a client and had raised her voice while asking Plaintiff for information.  Kulasekaram does not explain how she was harassed, the legally protected basis for the alleged harassment, or whether the alleged harassment was unwelcome, severe, pervasive, or affected the terms and conditions of her

employment.  Plaintiff does not identify a statute or other legal basis for her claim, nor does she state the elements of any cognizable cause of action.

Plaintiff's threadbare, overblown and implausible allegations plainly fail to satisfy the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's alleged facts, if true, do not make out an actionable claim under any Washington D.C. or federal laws, and do not support Plaintiff's conclusory assertions of harassment.  For these reasons, Plaintiff's complaint should be dismissed.

## I.   FACTS[1]

On October 19, 2010, Plaintiff served Defendants with a complaint in Superior Court of the District of Columbia.  Defendants removed the case to this Court on November 1, 2010. Plaintiff's complaint consists of a one-paragraph narrative and an attachment that appears to consist of e-mail correspondences between Plaintiff and defendant Glenn Gargan, a Director for Powertek and the project manager for the contract on which Plaintiff was working.[2]

The complaint states, in its entirety, that:

On Friday, October 1, 2010, I, Sharmila Kulasekaram, a federal contractor recently hired by Powertek Corporation headquartered in Rockville, MD have been working in a hostile work environment since my start date and was harassed by Powertek contractor  I was also informed by Glenn Gargan to contact him should anything arise on-site and not report anything to U.S. HUD.  On the day of the incident, he never returned my call and HUD management Ylanda Ford asked me why I didn't inform her and I informed her that Glenn Gargan had prevented me When I reported this to HUD security and Federal Protective Services including

---

[1] Defendants assume Plaintiff's allegations to be true for purposes of this motion only.  If this case proceeds, Defendants will dispute all of the material allegations of Plaintiff's complaint.

[2] Powertek is a government contractor.  Plaintiff was an independent contractor for Powertek, and was working on-site for Powertek's client U.S. Department of Housing and Urban Development ("HUD") during the four days of her work with Powertek. Defendant Dawn Hardesty is also a Powertek contractor and Daniel Mintz is Powertek's Chief Operating Officer.

the District's police and informed Powertek they prevented me from reporting to HUD and stopped me from entering the building.

Plaintiff's Complaint (errors in punctuation are found in original).

The attachment to Plaintiff's complaint contains a similarly disjointed narrative describing her interactions with coworkers and HUD management on October 1, 2010. The relevant allegations appear to be that some time on October 1, 2010, HUD management tasked Powertek with a project needing an immediate turnaround.   In the course of working on the project, Kulasekaram met with a HUD employee to discuss the project.   Plaintiff alleges that Hardesty became "clearly agitated" when she discovered that Plaintiff had met with the HUD employee.   It also appears that Plaintiff alleges that Hardesty "raised her voice" while requesting information.   It is unclear if these two events took place contemporaneously.   Plaintiff claims that she tried to call Gargan after this "incident," but, Gargan not being available, she called security.   Plaintiff claims that these events amounted to harassment and subjected her to a hostile work environment. Plaintiff does not mention Daniel Mintz in her complaint other than to name him as a defendant.


II.   **ARGUMENT**

In order for a plaintiff to state a legally cognizable claim, the facts in her complaint, taken as true, must articulate a claim for relief that is "plausible on its face." *Atherton v. D.C. Office of the Mayor*, 567 F.23d 672, 681 (D.C. Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks omitted).   Discrimination cannot be pleaded generally, and conclusory allegations are insufficient to show discriminatory intent. *Iqbal*, 129 S. Ct. at 1954.

Assertions of wrongdoing require factual support—the complaint must cross the line between "'possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To make a prima facie claim of Title VII hostile environment,[3] Plaintiff would have to show that: (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based upon the employee's protected status; (4) the harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment; and (5) the existence of respondeat superior liability. *Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1122-23 (D.C. Cir. 2002) (involving sexual harassment).

Plaintiff's allegations, taken as true, do not meet *any* of the required elements of a hostile environment claim under Title VII, or any other discrimination or retaliation claim under federal law. Plaintiff does not allege any acts of harassment at all, nor does she claim membership in a protected class. She names only individual employees as defendants, not Powertek; and there is no individual liability under Title VII. *See Smith v. Janey*, 664 F.Supp 2d 1, 8 (D.D.C. 2009). Plaintiff simply appears to describe an ordinary, minor workplace dispute, if that, and although she repeatedly claims that she was harassed, the facts she alleges completely belie that claim. In fact, Plaintiff's allegations would have failed to satisfy the even more liberal pre-*Twombly* standards stated in *Conley v. Gibson*, 255 U.S. 41 (1957).

Although Defendants acknowledge this motion does not test the veracity of Plaintiff's claims, Defendants note that Plaintiff's own complaint shows the frivolousness of her assertions. The complaint shows that on Plaintiff's third or fourth day as a Powertek contractor, she had a minor disagreement with other workers. (Powertek's later investigation showed that Plaintiff's contribution to a time-sensitive project was not completed within the deadline and appeared to

---

[3] Defendants presume that Plaintiff intends to assert some sort of discrimination claim.

4

contain errors, resulting in some tense exchanges between Plaintiff and the rest of her team.)
Although none of the individuals who witnessed the "incident," as Plaintiff referred to it, saw
anything harassing, abusive or hostile, Plaintiff became agitated, ran to the lobby crying, and
summoned both the building's security guards and armed federal agents, who quickly returned
with her to her workspace to investigate her cries of abuse and mistreatment.  The appearance of
law enforcement agents in her office attracted the attention of Powertek's customer, Ylanda
Ford, who then became involved in the incident, much to the embarrassment of Powertek, a
government contractor whose business depends on good relationships with its government
clients.  Within 1-2 days of this incident, over the weekend, Plaintiff sent lengthy emails to
Mintz and Gargan, complaining verbosely of harassment and retaliation and demanding justice.
She claims she sent copies of the emails to Shaun Donovan, the United States Secretary for
Housing and Urban Development, and the President of the United States.  *See* attachments to
Plaintiff's Complaint.

In sum, there are literally no facts to support any cause of action against Mintz, no facts
to support a claim against Gargan (unless failing to answer one's phone is actionable), and
patently insufficient facts to support any kind of claim against Hardesty.  For all of these reasons,
Plaintiff's complaint should be dismissed as insufficient and frivolous for the reasons stated
below.

Plaintiff's allegations also do not state a claim under the D.C. Human Rights Act, or any
other local law.  The elements if a DCHRA hostile work environment claim mirror the federal
requirements. *See Elam v. Bd. Of Tr. Of the Univ. of the District of Columbia*, 530 F. Supp 2d 4,
21, n.7 (D.D.C. 2007).  Simply put, a co-worker's alleged agitation and raised voice provide an
insufficient basis for a cause of action under any law imaginable.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's complaint.[4]

Respectfully submitted,

**JACKSON LEWIS LLP**

By:   /s/ Teresa Burke Wright
   Teresa Burke Wright (DC Bar No. 429196)
   Daniel Edward Ingber (DC Bar No. 990999)
   Jackson Lewis LLP
   10701 Parkridge Blvd., Suite 300
   Reston, Virginia 20191
   703-483-8300 (p)
   703-483-8301 (f)
   WrightT@jacksonlewis.com
   Counsel for Defendants

Dated:  November 9, 2010

---

[4] Defendants request a dismissal with prejudice.  However, even if Plaintiff is permitted to re-plead, Defendants seriously doubt that Plaintiff can plead facts sufficient to support her discrimination claim within the confines of Rule 11.  Because Plaintiff's claim of harassment is meritless, no supporting facts could be truthfully alleged.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on November 10, 2010, a copy of the foregoing *Memorandum In Support of Defendants' Motion To Dismiss* was filed electronically through the Court's ECF system and mailed, first-class mail, postage prepaid, to:


Sharmila Kulasekaram
410 South Antlers Place
Bear, DE 19701
Plaintiff *Pro Se*


                              /s/
                    _____
                    Teresa Burke Wright

4839-8578-5608, v. 4